UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **SHELLEY THOMAS** | * | CIVIL ACTION |
| *Plaintiff* | * | CASE NO: |
| | * | |
| | * | JUDGE: |
| V. | * | |
| | * | SECTION: |
| **ITT EDUCATIONAL SERVICES, INC.** | * | |
| *Defendant* | * | MAGISTRATE: |
| | * | |
| | * | JURY TRIAL DEMANDED |

*******************************************

### COMPLAINT FOR DAMAGES AND DEMAND FOR A JURY TRIAL

NOW COMES, Shelley Thomas, a person of the full age of majority, domiciled in the Parish of Orleans, State of Louisiana, respectfully states as follows:

### JURISDICTION AND VENUE

1.      Jurisdiction is proper because one of Thomas's claims arise under 31 U.S.C. § 3730(h). Jurisdiction is also proper under 28 U.S.C. § 1332 because both parties are residents of different states, and the amount in controversy exceeds $75,000.  Venue is proper in this district because the acts giving rise to this cause of action occurred in this district.

### PARTIES

2.      **Plaintiff, Shelley Thomas (hereinafter referred to as "Thomas" or "petitioner" or "Plaintiff")**, is an adult resident citizen of Louisiana, who is domiciled in the Parish of Orleans.

3. **Defendant, ITT Educational Services, Inc. (hereinafter referred to as "ITT" or "Defendant"),** is a publicly traded institution of higher learning whose corporate headquarters is located in Carmel, Indiana. ITT does business under the trade name, *inter alia*, ITT Technical Institute. ITT is licensed to do business and doing business in the state of Louisiana and it did business where Plaintiff was employed and reported to work at while employed by Defendant. ITT is located within the jurisdiction of this court.

## FACTUAL BACKGROUND

4. Consumers finance the payment of tuition and other costs related to attending ITT's colleges through federally and state subsidized financial aid in the form of grants and loans. ITT must meet certain statutory, regulatory and contractual requirements in order to be considered an institution of higher learning eligible to benefit from federally subsidized financial aid.

5. Pursuant to 20 U.S.C. § 1001, ITT must be accredited by a nationally recognized accrediting agency to be eligible to benefit from federal and state subsidized financial aid. Pursuant to 20 U.S.C. § 1094(a)(21), ITT must meet all requirements of accreditation in order to be eligible for federal and state subsidized student aid. This includes accurately reporting student grades in order to be entitled to benefit from the federal and state subsidized financial aid.

6. Pursuant to 20 U.S.C. § 1099(j), ITT loses its ability to participate in, and benefit from, federal and state subsidized financial aid programs if it fails to abide by the terms of its accreditation. To maintain accreditation, ITT must accurately report its students' grade point averages to the accrediting agency.

7. Pursuant to 28 L.A.C. § 111, all certifications of student performance which are submitted to the Louisiana Student Financial Aid Commission (LASFAC) for the purpose of

determining a student's eligibility for an award under a student aid program administered by LASFAC shall be by sworn affidavit of the certifying ITT official and such official shall be subject to criminal law imposed by Louisiana statute applicable to false swearing.

8.      Pursuant to 28 L.A.C. § 805(a)(7), in order for an ITT student to maintain his eligibility for Tuition Opportunity Program for Students Tech Award (TOPS-TECH), a program administered by the LASFAC, the student must maintain a 2.50 cumulative grade point average by the end of each spring semester.

9.      In 2001, Thomas was hired by ITT to serve as an instructor at its St. Rose, Louisiana, campus in St. James Parish, Louisiana. While employed as an ITT instructor, Thomas taught courses involving Microsoft Office, Microsoft Project, Peachtree, Autocad, Accounting, the development of group skills, technical writing, and economics.

10.     In the 2010 academic quarter at ITT beginning in June, and lasting through September, Thomas taught the following courses: Strategies for Tech Professionals, Group Dynamics, and Portfolio Procedures. During this academic quarter, many students failed to attend class, complete assignments or pass tests. Due to these student performances, Thomas needed to fail and otherwise give low grades to those students. Thomas advised the academic dean Kenya Crocken Waugh and associate dean Dr. Renee Hall (the deans), that she intended to fail and give low grades to a number of students in your classes. The deans insisted to Ms. Thomas that she should permit her students to, *inter alia*, turn in assignments late in order to obtain grades higher than those grades the students actually earned. Ms. Thomas refused to change the grades. On September 8, 2010, Kenya Crochen Waugh contacted Ms. Thomas by telephone and terminated her employment because Ms. Thomas refused to change the grades.

**COUNT ONE**

3

11.     Thomas hereby incorporates all allegations set forth above into this Count as if set forth at length herein.

12.     The False Claims Act prohibits ITT from knowingly causing false claims to be presented for payment or approval.  31 U.S.C. 3729(a)(1)(A).

13.     The False Claims Act prohibits ITT from knowingly causing false records or statements material to false or fraudulent claims.  31 U.S.C. 3729(a)(1)(B).

14.     ITT intended to violate these two sections of the false claims act when it requested Ms. Thomas to create false records pertaining to the grades earned by her students.

15.     ITT terminated Ms. Thomas's employment as an ITT instructor because of her actions in trying to stop ITT from violating the False Claims Act.

16.     Pursuant to 31 U.S.C. § 3730(h), Ms. Thomas shall be entitled to all the relief necessary to make her whole since she was terminated for trying to stop ITT's violations of the FCA, including reinstatement of her ITT employment with the same seniority status that she would have had but for her wrongful discharge, two times the amount of back pay since her termination, damages from emotional distress, interest on the back pay, and compensation for all special damages she sustained as a result of ITT's wrongful conduct herein alleged, including litigation costs and reasonable attorneys' fees.

## COUNT TWO

17.     Thomas hereby incorporates all allegations set forth above into this Count as if set forth at length herein.

18.     Pursuant to La. R.S. 23:967(A)(1)(2)(3), ITT was prohibited from terminating for Thomas's reporting of the illegal violations of Louisiana state law, disclosing the workplace acts or practice of illegally and fraudulent giving passing grades to students so they and ITT could

receive financial aid and payments from the state and federal aid student programs.  Thomas being told and ordered by Defendant ITT supervisors to pass her ITT students notwithstanding their failure to earn passing grades was in violation of state and federal law.  Terminating Thomas for objecting and refusing to participate in the illegal grade changing scheme urged by the deans, when Thomas knew the deans would use the false records containing the unearned grades, is and was a clear violation of state and federal law.  After her termination, ITT changed the official grades of several students taught by Thomas, from the failing grades given by Thomas to the students, for failing to timely complete assignments, unsuccessfully meeting attendance requirements, failing to complete homework, and failing to pass tests and related graded course work.  Thomas created records in the ITT grade portal containing her students final grades, marking failure for certain ITT students she taught.  Thereafter, ITT supervisors changed the grades records of Thomas's ITT students to inflate those students' grade point average.  Certifying these altered grade records as accurate, and using these false records to maintain eligibility for federal and state subsidized financial aid is a violation of state and federal law.

19.     Plaintiff objected and refused to participate in these violations of state and federal law, and, as a result, was terminated on or about September 8, 2010.  During the conversation where Plaintiff was fired, she was informed that she had "involuntarily resigned".  Assuming *arguendo* that one can resign involuntarily, this was ITT's false pre-textual excuse to fire Plaintiff.  Thereafter, and on or about October 18, 2010, ITT changed its position, and then contended that Plaintiff was fired for not attending an in-service training session on September 4, 2010, a Saturday and holiday when Plaintiff was traveling out of town.  This was pre-textual reason for terminating Plaintiff's employment is also false.

20.     Pursuant to La. R.S. 23:967(B), Ms. Thomas is entitled to recover compensatory damages, back pay, benefits, job reinstatement, attorney's fees, and all costs of litigation from ITT because of its misconduct in firing her for refusing to participate in the grade changing scheme, false claims act violations, and false swearing required by the deans for her to retain her employment.

21.     Plaintiff itemizes her damages as follows:

    a. Past and future mental anguish;

    b. Past and future medical expenses;

    c. Past and future loss of wages;

    d. Attorneys fees and court costs under federal law 31 U.S.C. § 3730(h);

    e. Damages of two times the amount of back pay under federal law 31 U.S.C. § 3730(h).

    f. Compensatory damages and attorney fees under state law La. R.S. 23:967C(2).

    g. A preliminary and permanent injunction be issued barring such illegal activity by ITT in the future and requiring a policy enacted to protect whistleblowers.

    h. Damages to professional reputation and loss of chosen profession.

    i. Such other relief as the Court deems necessary and proper.20. Petitioner prays for trial by jury of all issues.

**WHEREFORE**, Plaintiff hereby requests this Court enter a Judgment commanding ITT to pay Ms. Thomas an amount of money in compensatory damages, past and future loss of wages. past and future mental anguish, two times back pay, consequential damages, damages to her professional and personal reputation, attorney's fees, litigation costs, court cost, prejudgment

interest, injunctive relief as prayed for and all other damages necessary to rightfully make her whole.

Respectfully submitted,

*s/ Glenn C. McGovern*
Glenn C. McGovern, Attorney
(La. Bar # 9321)
Attorney for Plaintiff Shelley Thomas
Mailing address:
P.O. Box 516
Metairie, La. 70004
Suite 101 2637 Edenborn Ave.
Metairie, La. 70002
Ph. 504-456-3610
Fax 504-456-3611
Email: gcmcg@mac.com

Request for Summons to be Issued to:

1. ITT Educational Services, Inc.
   Through its registered agent for Louisiana:
   CT Corporation System
   5615 Corporate Blvd., Suite 400B
   Baton Rouge, Louisiana 70808