UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

SHELLEY THOMAS                                              CIVIL ACTION

v.                                                          NO. 11-544

ITT EDUCATIONAL SERVICES, INC.                              SECTION "F"

ORDER AND REASONS

Before the Court is the defendant's motion to dismiss. For the reasons that follow, the motion is DENIED in part and GRANTED in part.

**Background**

This litigation arises out of Thomas's claim that her former employer, ITT, terminated her employment as a teacher in retaliation for her refusal to falsify student grade records.

ITT receives state and federal subsidies to assist students with tuition and other school expenses. ITT's eligibility for these subsidies is dependent on its satisfying certain requirements, including being accredited by a nationally recognized accrediting agency. To be accredited and thus eligible for the subsidies, ITT must swear to and accurately report its students' grades, which must stay at or above a 2.5 cumulative grade point average. Should ITT fail to accurately report its students' grade point averages, it may lose its accreditation and consequently its subsidy eligibility.

Thomas taught at ITT for approximately 10 years.  At the end

1

of the 2010 summer quarter, Thomas informed the academic dean, Kenya Crocken Waugh, and the associate dean, Dr. Renee Hall, that she was going to assign many of her students low or even failing grades as a result of poor attendance, incomplete work, and inadequate test scores. The deans then urged Thomas, she claims, to falsely inflate these lower and failing grades. This would permit those ITT students to remain eligible for the aforementioned subsidies. Thomas refused to falsify her students' grades, and on September 8, 2010, she was terminated.

On March 9, 2011, Thomas sued ITT, asserting two claims: First, violations of the retaliation provisions of the False Claims Act, 31 U.S.C. § 3729(h). Second, she claims retaliatory discharge in violation of La. Rev. Stat. § 23:967. ITT moved to dismiss the first of these claims for failure to state a claim upon which relief may be granted. The Court did not grant Thomas permission to amend her Complaint or to re-plead her False Claims Act retaliation claim, and on June 9, 2011, this Court granted ITT's motion to dismiss. Specifically, this Court held that Thomas failed to assert the following elements necessary to establish a retaliation claim under the False Claims Act: (1)that she was engaged in a protected activity under the statute; (2)that ITT knew she was engaged in a protected activity; and (3)that ITT retaliated against her because she engaged in a protected activity. See United States ex rel. Patton v. Shaw Services, L.L.C., No. 10-30376, 2011 WL 924292, at

*4 (5th Cir. Mar. 17, 2011). Following this Court's dismissal of her claim. Thomas requested leave to file an Amended Complaint, pursuant to Federal Rule of Civil Procedure 15(a)(2).[1]

In her proposed Amended Complaint Thomas changed the facts of her case. She now asserts that when she informed Deans Waugh and Hall of her intention to submit low grades for many of her students, the deans told Thomas to "create inflated false grade records reflecting grades her students did not earn so those students could remain enrolled at ITT and eligible to receive from financial aid such as grants that are paid from the United States and Louisiana government[s]." Further, Thomas contends that the deans told her that the "inflated false grade records ... would be used to get those governments (United States and Louisiana) to continue paying financial aid subsidies on behalf of her students."

In addition to the new factual contentions, Thomas added more information to support her retaliation claim. Thomas says that after she was instructed to create the inflated false grade records, she contacted the Accrediting Counsel of Independent Colleges and Schools (ACICS), the accrediting agency for ITT. She maintains that she did so to "report that her employer demanded she create inflated false grade records that inaccurately reflect her

---

[1] "[A] party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

students' GPA, and inquired whether this conduct was compliant with ACICS accreditation guidelines."

Following hearing on July 13, 2011, Magistrate Judge Knowles granted Thomas's Motion for leave of Court to File Opposed First Supplemental and Amended Complaint. Magistrate Knowles reasoned that ITT would not be prejudiced by the amendment because it had not answered the original Complaint, no discovery had occurred, and the trial date was not set until June 4, 2012. Further, he stated that Thomas specifically alleges ITT terminated her "with full knowledge that [she] was engaging in protected activity by refusing to create inflated false grade records for her ... students to stop ITT from defrauding the United States and Louisiana" government[s]." Magistrate Knowles also reasoned that while the "allegations are admittedly sparse[,] ... the Court can not find that Plaintiff (Thomas) has not technically cured the pleading deficiencies noted by the District Court." ITT now seeks dismissal of Thomas's federal and state retaliation claims.

**Law and Analysis**

I.

In considering a Rule 12(b)(6) motion, the Court "accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" See Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit, 369 F.3d 464 (5th Cir. 2004) (quoting Jones v. Greninger, 188 F.3d 322, 324 (5th Cir. 1999)).  But, in

4

deciding whether dismissal is warranted, the Court will not accept conclusory allegations in the complaint as true. <u>Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.</u>, 677 F.2d 1045, 1050 (5th Cir. 1982). Assuming the veracity of the well-pleaded factual allegations, the Court must then determine "whether they plausibly give rise to an entitlement to relief." <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1950 (2009).

"'To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" <u>Gonzalez v. Kay</u>, 577 F.3d 600, 603 (5th Cir. 2009)(quoting <u>Iqbal</u>, 129 S. Ct. at 1949 (2009))(internal quotation marks omitted). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Iqbal</u>, 129 S. Ct. at 1949  (The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully.). This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." <u>Id</u>. "Where a complaint

pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Id. (citing Twombly, 550 U.S. at 557) (internal quotations omitted).

II.

A.

ITT first seeks dismissal of Thomas's False Claims Act retaliation claim for failure to state a claim. However, before the Court can rule, it must resolve the dispute as to whether Rule 9(b) or Rule 8(a) of the Federal Rules of Civil Procedure applies. This is an important threshold matter because Rule 9(b)'s pleading requirements are more demanding than Rule 8(a)'s, and it is unlikely that Thomas's pleadings would survive Rule 9(b) scrutiny.

Rule 9(b) states that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). By contrast, Rule 8(a) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a).

ITT contends that 31 U.S.C. § 3730(h) claims are subject to Federal Rules of Civil Procedure Rule 9(b) and that Ms. Thomas fails to satisfy Rule 9(b)'s pleading requirements. Thomas counters that a § 3730(h) claim is merely subject to the Rule 8(a) standard.

6

There is no controlling Fifth Circuit Court of Appeals authority that resolves this dispute.[2] Thus, the Court turns to other circuits for guidance on the issue.

All federal circuit courts of appeal that have faced this issue have reached the conclusion that 31 U.S.C. § 3730(h) claims need only "meet the Rule 8(a)... standard."[3] <u>Mendiondo v. Centinela Hosp. Med. Ctr.</u>, 521 F.3d 1097, 1103 (9th Cir. 2008) (stating that "the heightened pleading requirements of Rule 9(b) do not apply to FCA (False Claims Act) retaliation claims."); <u>See United States ex rel. Sanchez v. Lymphatx, Inc.</u>, 596 F.3d 1300, 1305 (11th Cir. 2010); <u>United States ex rel. Owens v. First Kuwaiti Gen. Trading & Contr. Co.</u>, 612 F.3d 724 (4th Cir. 2010); <u>United States ex rel. Elms v. Accenture LLP</u>, 341 Fed. Appx. 869, 873 (4th Cir. 2009) (unpublished); <u>United States ex rel. Sikkenga v. Regence Bluecross Blueshield</u>, 472 F.3d 702, 729 (10th Cir. 2006); <u>United States ex rel. Karvelas v. Melrose-Wakefield Hosp</u>, 360 F.3d 220, 238 n.23 (1st Cir. 2004). As the First Circuit has observed, "[a] retaliation claim under 31 U.S.C. § 3730(h) does not require a showing of fraud and therefore need not meet the heightened

---

[2] However, the Fifth Circuit, in addressing claims brought under other sections of the False Claims Act, has held that Rule 9(b) of the Federal Rules of Civil Procedure is the proper pleading standard. <u>See</u> <u>United States v. ex rel. Doe v. Dow Chemical Co.</u>, 343 F.3d 325, 328 (5th Cir. 2003)(dealing with a False Claims Act violation, not a retaliation claim).

pleading requirements of Rule 9(b)." United States ex rel. Karvelas, 360 F.3d at 238 n.23. Further, when faced with a complaint alleging both § 3730(b) and § 3730(h) violations, the Tenth Circuit only applied 9(b) to the § 3730(b) claim. United States ex rel. Sikkenga, 472 F.3d at 729.

Because Thomas only alleges a False Claims Act retaliation claim and not a violation claim, the Court follows the decisions of the circuit courts of appeal to have spoken to this issue and concludes that Thomas need only satisfy the lighter Rule 8(a) pleading standard. See United States ex rel. Karvelas, 360 F.3d at 238 n.23 (noting that a False Claims Act retaliation claim, unlike a violation claim "does not require a showing of fraud and therefore need not meet the heightened pleading requirements of Rule 9(b).").

B.

The pleading standard issue now resolved, this Court must next focus on whether Thomas's claim satisfies Rule 8(a)'s requirements.

1. False Claims Act Retaliation Claim

To state a prima facie § 3730(h) claim, Thomas is "required to show that [s]he engaged in activity protected under the statute, that h[er] employer knew [s]he engaged in protected activity, and that [s]he was discharged because of it." See United States ex rel. Patton v. Shaw Services, L.L.C., No. 10-30376, 2011 WL 924292, at *4 (5th Cir. Mar. 17, 2011) (unpublished) (citing Robertson v.

Bell Helicopter Textron, Inc., 32 F.3d 948, 951 (5th Cir. 1994)).[4]

ITT has not met its burden to show that dismissal of the False Claims Act retaliation claim is warranted. While the pleadings are lackluster, it cannot be said that the claim does not have "facial plausibility." Iqbal, 129 S. Ct. at 1949. Thomas has now provided enough factual matter to "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Indeed, even ITT seems to concede that Thomas has now cured the first deficiency of her original complaint, that of failing to allege that Thomas was concerned with fraud against the government

---

[4] 31 U.S.C.§ 3730(h) provides:

**(1) In general.**--Any employee, contractor, or agent shall be entitled to all relief necessary to make that employee, contractor, or agent whole, if that employee, contractor, or agent is discharged, demoted, suspended, threatened, harassed, or in any other manner discriminated against in the terms and conditions of employment because of lawful acts done by the employee, contractor, agent or associated others in furtherance of an action under this section or other efforts to stop 1 or more violations of this subchapter.

**(2) Relief.**--Relief under paragraph (1) shall include reinstatement with the same seniority status that employee, contractor, or agent would have had but for the discrimination, 2 times the amount of back pay, interest on the back pay, and compensation for any special damages sustained as a result of the discrimination, including litigation costs and reasonable attorneys' fees. An action under this subsection may be brought in the appropriate district court of the United States for the relief provided in this subsection.

**(3) Limitation on bringing civil action.**--A civil action under this subsection may not be brought more than 3 years after the date when the retaliation occurred.

when she refused to change student grade records.

### 2. Louisiana Whistleblower Statute Claims

ITT next seeks dismissal of Thomas's retaliation claim under La. Rev. Stat. § 23:967 to the extent such a claim is based on an allegation that ITT violated federal law. Thomas contends this motion should be denied in part based on a straightforward application of the text of the statute. The Court agrees.

The statutory language is clear on this point in that subsection (A)(1) expressly references "violation of state law" whereas (A)(2) and (A)(3) both include the more general phrase, "violation of law." See Wells v. City of Alexandria, 178 Fed. Appx. 430, 434 (5th Cir. 2006) (unpublished)(holding that Complaint alleging claim under La. Rev. Stat. § 23:967 sections (A)(2) and (A)(3) based on violations of 42 U.S.C. § 1983); Stansbury v. Sewell Cadallic-Chevrolet, Inc., 2003 U.S. Dist. Lexis 1682 *11 (E.D. La. 2003)(recognizing that (A)(2) and (A)(3) apply to violations of federal and state law). Consequently, Thomas's claim under (A)(1) must be dismissed, but her other La. Rev. Stat. § 23:967 claims survive.

Finally, ITT seeks dismissal of Thomas's retaliation claim under La. Rev. Stat. § 23:967 (A)(1) and (A)(2) for failure to state a claim. Having already determined that Thomas's (A)(1) claim is flawed, this Court need only address whether Thomas states a claim under (A)(2).

Under subsection (A)(2), Thomas must provide sufficient information in her pleadings for the Court to infer that she was retaliated against for "[p]rovid[ing] information to or testif[ying] before any public body conducting an investigation, hearing or inquiry into any violation of law." La. Rev. Stat. § 23:967 (A)(2). In her complaint, Thomas alleges that after the deans instructed her to create the inflated false grade records, Thomas contacted ACICS to report the deans' request. That provides sufficient factual content for the Court "to draw the reasonable inference that the defendant (ITT) is liable" under La. Rev. Stat. § 23:967 (A)(2). Accordingly, ITT's motion to dismiss under (A)(2) is denied. See Iqbal, 129 S. Ct. at 1949.

In conclusion, ITT's motion to dismiss is GRANTED in part, insofar as it seeks dismissal of her La. Rev. Stat. § 23:967 (A)(1) claim, and DENIED in part, insofar as it seeks dismissal of the retaliation claim under the False Claims Act, 31 U.S.C. § 3730(h) and the remainder of her La. Rev. Stat. § 23:967 claims.

New Orleans, Louisiana, August 10, 2011

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

11